UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Larry H. Jenkins, | ) | |
| | ) | C/A No. 7:25-cv-3892-JDA-WSB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Chesnee Police Department, | ) | |
| Officer Arturo Beltran Morales, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the City of Chesnee Police Department's ("CCPD") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. Plaintiff, represented by counsel, filed this action under 42 U.S.C. § 1983. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

**BACKGROUND**

Plaintiff alleges that on or about May 8, 2022, Officer Arturo Beltran Morales ("Officer Morales") with the CCPD arrived at Plaintiff's place of business to serve a warrant on Plaintiff. ECF No. 1 ¶ 6. Plaintiff contends that Officer Morales did not have a copy of the warrant in his possession but nevertheless told Plaintiff that he was executing the warrant and placing Plaintiff under arrest. *Id.* ¶ 7. Plaintiff alleges that Officer Morales did not tell him the nature of the warrant or inform him of why he was being arrested. *Id.* ¶ 8.

According to Plaintiff, Officer Morales forcefully detained and attempted to handcuff him. ECF No. 1 ¶ 9.  Plaintiff alleges that he informed Officer Morales that he had medical issues, namely a back surgery five months prior, and asked Officer Morales to not handcuff him from behind.  *Id.*  However, Officer Morales allegedly handcuffed Plaintiff from behind, forced Plaintiff to the pavement, and stuck his knee in the middle of Plaintiff's back.  *Id.* ¶ 10.  Plaintiff alleges that he began to scream in pain and experienced chest pains.  *Id.*  Plaintiff submits that EMS was called and he was transported to Spartanburg Memorial Hospital, where he was treated for multiple injuries.  *Id.* ¶ 12.

Plaintiff contends that after he was discharged from Spartanburg Memorial Hospital, he was transported to the CCPD, where he was charged with Assault and Battery, 3rd Degree and placed in detention overnight.  ECF No. 1 ¶ 13.  Plaintiff subsequently retained counsel.  *Id.* ¶ 14. Plaintiff submits that during his investigation of the charges, it was determined that there was no probable cause for the warrant.  *Id.*  Plaintiff contends that Officer Morales procured the warrant to carry out a personal vendetta against him, which arose from Officer Morales' relationship with a female that Plaintiff fired days before the incident in question.  *Id.* ¶ 15.  Plaintiff contends that on December 6, 2022, the criminal proceeding against him was dismissed and all evidence of the charge was expunged from the public record.  *Id.* ¶ 16.

Plaintiff filed a Complaint against Officer Morales and the CCPD on May 8, 2025, asserting claims under § 1983.  ECF No. 1.  The CCPD filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 26, 2025.  ECF No. 10.  Plaintiff filed a Response on September 29, 2025, ECF No. 17, to which the CCPD filed a Reply on October 3, 2025, ECF No. 18.  This matter is ripe for review.

**APPLICABLE LAW AND ANALYSIS**

**Rule 12(b)(6) Standard of Review**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

***Monell***

Plaintiff does not delineate which specific claims he is bringing against the CCPD in his Complaint. *See* ECF No. 1. However, in his Response to the CCPD's Motion to Dismiss, he cites to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and argues that his Complaint – which alleges that there was a warrant issued without probable cause, an arrest without presenting

a warrant, and excessive force during an arrest – "plausibly suggest[s] either (1) a failure to train officers on basic constitutional requirements, or (2) a broader departmental custom of disregarding constitutional safeguards." ECF No. 17 at 1.

Municipalities qualify as "persons" under § 1983, rendering them amenable to suit. *Monell*, 436 U.S. at 690. "Although municipalities, unlike public officials, cannot claim immunity from suit, the Supreme Court has expressly cabined their liability: under *Monell*, a municipality is liable only for its *own* illegal acts." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (emphasis in original) (citations omitted).

"[A] municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." *Owens*, 767 F.3d at 402 (citation omitted); *see Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532-33 (4th Cir. 2024) ("*Monell* permits suits against a municipality for a federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an official policy or custom.") (citation and internal quotation marks omitted). An official policy or custom that gives rise to municipal liability can arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Starbuck*, 28 F.4th at 533 (citation and internal quotation marks omitted).

Plaintiff does not allege *any* facts against the CCPD other than it employed Officer Morales. The United States Court of Appeals for the Fourth Circuit has affirmed the dismissal of *Monell* claims, which contained more allegations than those included in Plaintiff's Complaint,

pursuant to Rule 12(b)(6).  *See, e.g., Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484, 493 (4th Cir. 2025) (finding a *Monell* claim based on a failure to train was properly dismissed when a plaintiff's allegations against the defendants were "conclusory and fail[ed] to establish *Monell* liability …."); *Griffin v. Mortier*, 837 F. App'x 166, 172 (4th Cir. 2020) ("The complaint's allegations in support of that claim, however, consist of naked assertions that the Sheriff of Buncombe County failed to train and implement proper policies. … We thus affirm the dismissal of [the plaintiff's *Monell* claim].").  Accordingly, the Court finds that Plaintiff has failed to state a plausible claim against the CCPD for any of its own purportedly illegal acts, including based on a failure to train or any departmental custom.

Plaintiff argues that dismissal is not warranted because the CCPD possesses the relevant information about the policies and procedures, training practices, supervision, and internal measures.  ECF No. 17 at 3.  However, "[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[,]" *Williams*, 17 F.Supp.3d at 531 (quoting *Edwards*, 178 F.3d at 243), and a plaintiff "must provide 'enough facts to state a claim to relief that is plausible on its face[,]'" *Robinson*, 551 F.3d at 222 (quoting *Twombly*, 550 U.S. at 555, 570).  Whether information will be obtained during discovery does not excuse a plaintiff's obligation to plead sufficient allegations to state a plausible claim to survive a defendant's motion to dismiss.  Therefore, the undersigned recommends that the district court grant the CCPD's Motion to Dismiss and dismiss Plaintiff's claims against the CCPD without prejudice.[1]

---

[1] In his Response to the CCPD's Motion to Dismiss, Plaintiff argues that if the Court concludes that his allegations fail to state a claim, he should be allowed leave to amend under Federal Rule of Civil Procedure 15(a)(2). ECF No. 17 at 5-6. However, Plaintiff has not filed a motion to amend at this time. Moreover, absent a proposed amended pleading, the undersigned cannot evaluate whether Plaintiff's proposed amended complaint addresses the deficiencies noted herein.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** the CCPD's Motion to Dismiss and dismiss Plaintiff's claims against the CCPD without prejudice. ECF No. 10.

**IT IS SO RECOMMENDED.**

s/William S. Brown<br>
United States Magistrate Judge

December 19, 2025<br>
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

---

*See Ward v. Anderson Greenville LLC*, C/A No. 6:23-cv-02152-DCC-JDA, 2023 WL 9955794, at *3 n.2 (D.S.C. Dec. 7, 2023) (declining to allow the plaintiff to amend the complaint where the plaintiff failed to present a proposed amended complaint), *R&R adopted by* 2024 WL 862240 (D.S.C. Feb. 29, 2024).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>250 East North Street, Suite 2300
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).